STORMS *vs.* STORMS.

Where a complainant files a bill in this court, upon a judgment recovered on a bond in a court whose ordinary jurisdiction is limited to one hundred dollars, but which has jurisdiction upon some species of bonds to a greater amount, the defendant in setting up a plea that the matter of such judgment was *coram non judice* for the want of jurisdiction, must show affirmatively on the face of the plea, that it was not a bond of the latter description, otherwise it will be presumed, and that the court had jurisdiction.

*April 15,*
*1833.*

*Pleading.*
*Sufficiency of*
*plea.*

THE complainant filed a judgment creditor's bill, after the return of an execution unsatisfied. He had recovered one hundred and thirteen dollars and thirty-one cents debt and costs on a bond in the Marine Court of the city of New York.

The defendant pleaded, that by the statute establishing the marine court, it had jurisdiction not exceeding one hundred dollars; that the action in the said court was brought to recover one hundred and six dollars and ninety-three cents debt, upon bond in the penalty of two hundred dollars, and judgment rendered for one hundred and six dollars and ninety-three cents debt and six dollars and thirty-seven cents costs, amounting in the whole to one hundred and thirteen dollars and thirty cents, and which was the same judgment set forth in the bill; and that the judgment was void as being *coram non judice.*

A special replication had been put in to this plea, which alleged, that the bond on which the action was brought was a bond taken in the said marine court as security upon an adjournment; and, by a provision in the act, the court had cognizance to any amount in actions brought upon such bonds: 2. *Rev. Laws,* 1813. *p.* 398, 399. § 148.

Upon motion, this special replication had been ordered to be taken off the files of the court as being altogether inadmissible: for, if permitted to stand, it would require a rejoinder

and such practice must soon involve the court of chancery in all the nicety of special pleading and which would be intolerable.

The case was now submitted upon the plea.

Mr. *T. R. Green*, for the defendant.

Mr. *O. Gridley*, for the complainant.

THE VICE-CHANCELLOR. The question here involved is, whether this plea is sufficient, without showing that the bond on which the judgment was recovered was not a bond taken in the marine court? The complainant insists, that the plea ought to contain an averment to this effect, for otherwise, the court will intend it was a bond of a description over which the court had jurisdiction—the statute having provided that actions upon bonds taken as security upon adjournments might be brought there. On the other hand, the defendant contends the bill ought to show affirmatively that the bond was one of this description or, in other words, that the court had jurisdiction and were authorized to take cognizance of the case.

The section of the statute authorizing suits upon security bonds taken in the marine court to be brought there, whatever may be the amount, does certainly create an exception to the general provision that the debt or demand must not exceed one hundred dollars. And the question is a mere technical one, namely, whether the complainant should bring his case within the exception, by expressly alleging or charging it in the bill or whether the defendant should show, by averment in the plea, that it was not a case within it?

In order to render the plea effectual, it must state all that is necessary to show the court had not jurisdiction and could not lawfully take cognizance of the action on a bond to such an amount. The statute regulating this marine court is a public one; and I am bound to notice it. As I perceive the court may, in some instances, entertain suits on bonds to an amount exceeding one hundred dollars, and even without reference to

amount, I must presume this was one of the kind, until the contrary appears. The defendant, consequently, is bound to make it appear to be otherwise by his plea.

The object of a plea is to put an end to the suit upon a single point presented by it. This plea does not accomplish such an object: for, notwithstanding it may be true, yet the judgment also may be valid and such as the court was competent to render. I think the defendant was bound to go further and have averred that the bond upon which the judgment had been rendered was not a bond taken in the court itself.

The plea must be overruled, with costs ; and the defendant answer in twenty days.